# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-08718-RKG-SSC | Date | October 18, 2024 |
|---|---|---|---|
| Title | *Wilfredo Martinez v. Caliber Holdings, LLC et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order to Show Cause Re: Amount in Controversy**

On September 5, 2024, Wilfredo Martinez ("Plaintiff") filed a Complaint against Caliber Holdings, LLC ("Caliber"), Caliber Holdings of California LLC, and Rudy Meza, alleging various employment-related violations of California law. (ECF No. 1-1.) On October 9, 2024, Caliber removed the action to this Court on the basis of diversity jurisdiction. (ECF Nos. 1, 9.) Upon review of Caliber's Notice of Removal, the Court hereby **ORDERS** Caliber to **SHOW CAUSE in writing** that the amount in controversy is satisfied.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the amount in controversy exceeds $75,000. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566. However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-08718-RKG-SSC | Date | October 18, 2024 |
|---|---|---|---|
| Title | *Wilfredo Martinez v. Caliber Holdings, LLC et al.* | | |

    Here, Plaintiff seeks compensatory damages, attorneys' fees, and punitive damages. Plaintiff alleges that at the end of his employment, his rate of pay was $23 per hour and that he worked approximately 55 hours per week. Since Plaintiff's employment was terminated on June 13, 2024, he is owed about 18 weeks of backpay for approximately $25,875.00 – less than half of the $75,000 threshold. Caliber attempts to make up this difference by speculating that if trial were held a year after removal, Plaintiff would claim at least $97,750. Caliber merely assumes that the case would continue for at least a year because other courts have determined that one year from the date of removal is a reasonable estimate for a trial date. This is far too speculative.

    Accordingly, the Court finds that Caliber has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **ORDERS** Caliber to **SHOW CAUSE in writing** that the amount in controversy is satisfied. Such a response shall not exceed **five pages** and must be submitted within **seven days** of this Order's issuance.

    **IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/aa |